LAW OFFICES OF DAVID HENDERSON
3003 Minnesota Drive, Suite 203
Anchorage, Alaska 99503
Phone: (90)7 677-1234
Fax: (888) 965-9338

IN THE SUPERIOR COURT FOR THE STATE OF ALASKA

THIRD JUDICIAL DISTRICT AT ANCHORAGE

Blane A. Chism, )
)
    Plaintiff, )
)
vs. )  Case No. 3AN-16-08996 CI
)
Providence Health & )
Services-Washington, d/b/a )
Providence Alaska Medical )
Center, a Washington )
Corporation doing business in )
Alaska, )
)  SEP 1 2016
    Defendant. )
)

## Complaint for Medical Malpractice

COME NOW plaintiff and alleges as follows:

1. At all times relevant, plaintiff Blane Chism [hereinafter "Blane"] was an adult resident of Anchorage, Alaska.

2. Upon information and belief, defendant Providence Health & Services-Washington [hereinafter "Providence"] is a non-profit corporation organized and existing under the laws of the State of Washington.

3. Providence owns and operates several health-care facilities in Alaska, including a hospital in Anchorage doing business as the Providence Alaska Medical Center [hereinafter "PAMC"].

Complaint for Medical Malpractice
Chism v. Providence Health & Services-Washington, et al
3AN-16- 08996 CI

4. At all times pertinent, Jennifer Perrin [hereinafter "Perrin"] was and is a licensed registered nurse in the State of Alaska, and employed by Providence.

5. Upon information and belief, Nurse Perrin was, at all times pertinent, an employee and/or agent of defendant Providence, and acting within the scope of that employment and/or agency during the actions and events giving rise to this action.

6. Jurisdiction in this court is proper under AS 22.10.020.

7. Venue is proper under AS 22.10.030 in conjunction with Alaska Civil Rule 3(c)(1).

8. On April 25, 2016, Blane's nephrologist determined that he [Blane] had a low serum calcium level and required a calcium chloride infusion.

9. Blane's nephrologist referred him to PAMC's emergency room to get the requisite infusion.

10. On April 25, 2016, Blane presented himself at the PAMC emergency room, and was received there by nurse Perrin.

11. Although Perrin briefly assessed Blane, she did not adequately assess the fact that he had fistulas in both his right and left upper appendages, nor did she report the fistulas to any of her supervisors.

12. Perrin proceeded to administer the calcium chloride infusion through a peripheral IV in Blane's right hand.

13. During a vesicant infusion of this type, the IV site must be frequently assessed to ensure proper placement, and to ensure against infiltration and extravasation -- a situation where

IV medicines do not properly flow into the target vein but instead leach into surrounding tissues.

14. Calcium chloride is a known vesicant, i.e., a blistering agent that, if infiltrated or extravasized, can cause serious and irreversible injury and death of tissue [necrosis].

15. Perrin did not properly place the IV initially, and did not ensure proper placement thereafter.

16. As a direct and proximate result of the misplaced IV, infiltration and extravasation of the calcium chloride occurred.

17. Although PAMC personnel discharged Blane, he returned to the hospital twice, presenting with ecchymosis [purplish discoloration], swelling, numbness, pain, and shaking in his right hand at the site of the IV -- all signs and symptoms consistent with infiltration and extravasation of calcium chloride.

18. Finally, on the morning of April 26, 2016, a PAMC physician diagnosed an extravasation injury; he began treating the injury as an extravasation, and commenced administration of Hyaluronidase.

19. PAMC personnel also admitted Blane into the PAMC hospital as an in-patient for treatment of the necrotic lesion on his right hand caused by the extravasation.

20. Blane underwent multiple surgical treatments of the lesion.

21. Defendant Providence's agents and/or employees, failed to meet the standards of care expected of them in their respective

professions and fields of specialty, including, but not limited to, the following lapses:

    a. Failing to fully and properly assess and select an appropriate site for the IV so as to minimize the risk of infiltration and extravasation;

    b. Failing to properly place the IV initially, and failing to ensure proper placement thereafter so as to prevent infiltration and extravasation;

22. These, and other errors and omissions constitute a breach of the duty of care ordinarily exercised under the circumstances by health care professionals in the disciplines and specialties being practiced.

23. As a direct and proximate result, plaintiff Chism has suffered, and will suffer, personal injuries and damages, including, but not limited to:

    a. Physical pain and suffering cause by an unsightly necrotic wound at the site of the IV;

    b. Severe and permanent disfigurement and or impairment;

    c. Emotional distress and psychological injury;

    d. Medical- and treatment-related expenses;

    e. Economic losses, including lost wages and earnings.

24. Defendant Providence is liable to plaintiff for professional negligence in the minimum amount of $100,000 each, the exact amount to be proved at trial.

Complaint for Medical Malpractice
Chism v. Providence Health & Services-Washington, et al
3AN-16-08996 CI
Page 4 of 5
Case 3:16-cv-00239-SLG   Document 1-1   Filed 10/14/16   Page 4 of 5

25. Defendant's oversights, errors, and omissions constituted an extreme deviation from the standard of care - and recklessness for purposes of AK 09.55.549(f).

\*     \*     \*     \*     \*

WHEREFORE, plaintiff prays for judgment as follows:

1. For compensatory damages in his favor against the named defendant;
2. For costs and attorney's fees, as appropriate.
3. For such other relief as the court may deem just and proper.

DATED this 19th day of September, 2016 at Anchorage, Alaska.

LAW OFFICES OF DAVID HENDERSON

By: _____
David Henderson    #9806014

Complaint for Medical Malpractice
Chism v. Providence Health & Services-Washington, et al
3AN-16- 08996 CI